IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BODUM USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ONEIDA HOSPITALITY GROUP, <br><br> Defendant. | No. |

## COMPLAINT

Plaintiff Bodum USA, Inc. ("Bodum") by its attorneys Vedder Price P.C., for its Complaint against Oneida Hospitality Group ("Oneida") states and alleges as follows:

## NATURE OF THE ACTION

1. Bodum seeks injunctive relief and damages for Oneida's trade dress infringement of Bodum's iconic CHAMBORD® Trade Dress embodied in its French press coffeemakers pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); unfair competition (Count II); and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).

## THE PARTIES

2. Bodum is a Delaware corporation having its principal place of business at 45 E. 20th Street, 8th Floor, New York, NY 10003.

3. Bodum is in the business of, among other things, importing, distributing, promoting and selling high-quality, designer specialty housewares, including a line of nonelectric coffeemakers and related items under the federally registered trademark CHAMBORD® throughout the United States, including this Judicial District.

4. Oneida is a limited liability company having its principal place of business in Lincolnshire, Illinois. Bodum is aware of three members of Oneida, Anthony Battaglia, Mark Hedstrom and Mayank Singh, who are domiciled in the State of Illinois. Bodum is unaware of any other members of Oneida.

5. Oneida designs and sells household products, including French press coffeemakers.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Count I of this Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the claim herein involves questions of federal law. This Court also has jurisdiction over Counts II and III under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantially related to the claims in Count I under United States trademark laws.

7. This Court has personal jurisdiction over Oneida under 735 ILCS 5/2- 209, *et seq.*, because it has committed, or is about to commit, tortious acts within the State of Illinois causing injury to Bodum within the state, and/or actions that cause injury in this District, and because Oneida regularly conducts business in the State of Illinois, including this District. Further, this Court's exercise of personal jurisdiction over Oneida complies with the Due Process requirements of the United States Constitution and the Illinois Constitution.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(1) and (b)(2) because Oneida resides in this District and a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

**FACTS COMMON TO ALL COUNTS**

9. Bodum has been building a business focused on selling beautifully designed houseware products since 1944 and began selling French press coffeemakers in the 1970s.

10. Bodum's flagship product is the CHAMBORD® French press, which Bodum began distributing in 1983 and then acquired the exclusive rights to in 1991.

11. The CHAMBORD® is the original, iconic French press design. It was initially designed in the 1930s in France, using the towers of the Chambord Chateau Castle as the inspiration for the shape of the frame.

12. Since Bodum began distributing, and later acquiring, the CHAMBORD® design, Bodum has expended substantial amounts of money, time and effort to acquire, develop, advertise and promote its CHAMBORD® coffeemaker. Through Bodum's efforts over more than 25 years, the CHAMBORD® French press has become an iconic design and is recognized in the market as distinctly connected to Bodum.

13. Bodum has cultivated the unique and distinctive overall appearance of its CHAMBORD® coffeemakers such that consumers and people working in the housewares industry are easily able to identify such products as originating from Bodum. Consumers specifically recognize the CHAMBORD® as Bodum's, through the distinctive feet and frame of the product.

14. Bodum's CHAMBORD® design has been honored by esteemed institutions such as Phaidon Design Classics and the Museum of Modern Art.

15. The unique, iconic and inherently distinctive design of the CHAMBORD® comes in the form of its overall appearance, with the trade dress elements including in combination:

3

(i) the dominant design element (which speaks to the character and essence of the product) of a horizontal narrow circumferential metal band that is linked to narrow vertical bands equally spaced around the circumference of the transparent cylindrical form, and which extends below and outwardly to form the product's feet; (ii) the sub-dominant design element of a black handle that follows the form of a letter "C" when viewed from the left side of the product or a letter "D" when viewed from the right side, and is attached with a fastener at the upper portion to a circumferential metal band that is spaced below the top of the transparent cylindrical form; and (iii) subordinate elements, which contribute in supportive ways to the distinctive get-up, such as the polished lid and the spherical knob on the top of the product.

16. This overall design of Bodum's coffeemaker is referred to herein as the "Bodum CHAMBORD® Trade Dress." A picture of the CHAMBORD® Trade Dress is shown below:



17. All of the features that constitute the Bodum CHAMBORD® Trade Dress are nonfunctional, in that they serve a decorative and aesthetic purpose, and are not required to exist in this design in order for the coffeemaker to be used for its intended purpose. This nonfunctionality is further demonstrated by the existence in the marketplace of numerous French

4

press coffeemakers with completely different designs than the Bodum CHAMBORD® Trade Dress.

18. The nonfunctionality of the Bodum CHAMBORD® Trade Dress was adjudicated in this District in the matter of *Bodum USA, Inc. v. A Top New Casting, Inc.* (Case No. 16 C 2916), with the jury unanimously finding that Bodum proved its trade dress rights in the CHAMBORD® Trade Dress. The Seventh Circuit unanimously affirmed the verdict in *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 492 (7th Cir. 2019).

19. Bodum, long prior to the acts of Oneida described in this Complaint, has extensively advertised and promoted the Bodum CHAMBORD® Trade Dress. As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion, sale and public acceptance of the Bodum CHAMBORD® Trade Dress, Bodum's CHAMBORD® coffeemakers have acquired a fine and valuable reputation. The public recognizes the Bodum CHAMBORD® Trade Dress as a source identifier for Bodum's products exclusively. Bodum's CHAMBORD® coffeemakers have acquired an outstanding celebrity, and symbolize the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality by fair and honorable dealing with the housewares trade and public. Accordingly, the Bodum CHAMBORD® Trade Dress has acquired secondary meaning.

20. The secondary meaning of the Bodum CHAMBORD® Trade Dress was adjudicated in this District in the matter of *Bodum USA, Inc. v. A Top New Casting, Inc.* (Case No. 16 C 2916), with the jury unanimously finding that Bodum proved its trade dress rights in the CHAMBORD® Trade Dress. The Seventh Circuit unanimously affirmed the verdict in *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 492 (7th Cir. 2019).

21. The identifying appearance of the Bodum CHAMBORD® Trade Dress constitutes protectable property of Bodum.

22. Bodum has spent, and continues to spend, substantial sums of money, time and effort to develop, advertise and promote the Bodum CHAMBORD® Trade Dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, national and international trade shows, fixture programs with retailers and demonstrations and training. Such efforts have created and reinforced the association of the CHAMBORD® Trade Dress and Bodum in the minds of the trade and consuming public.

23. Bodum has also spent considerable money, time and effort enforcing its trade dress rights against would-be infringers who attempt to sell knockoffs of the CHAMBORD® coffeemaker. Bodum has actively policed any infringement of the design of the CHAMBORD® of which Bodum becomes aware. Bodum has enforced its rights through dozens of cease and desist letters over the course of 25 years and has brought lawsuits when necessary to do so, including the one at issue here.

24. As a result of Bodum's efforts, the CHAMBORD® coffeemaker has become Bodum's flagship product in the United States, and has assumed a dominant, iconic position in the French press market.

25. Bodum has discovered that Oneida has been promoting and advertising for sale one or more nonelectric, French press coffeemakers that are colorable imitations of Bodum's CHAMBORD® coffeemakers. An example of one of the iterations of Oneida's infringing product is shown below:



26. Oneida's product is referred to herein as the "Accused Product."

27. The Accused Product copies the look and overall appearance of the Bodum CHAMBORD® Trade Dress, including many of the elements described above, and is confusingly similar thereto.

28. The Accused Product is advertised, promoted and marketed in the same channels of trade as Bodum's CHAMBORD® Trade Dress in the United States, including this District.

29. On information and belief, Oneida knew of the Bodum CHAMBORD® Trade Dress and Bodum's hard-earned goodwill at all pertinent times prior to Oneida's first promotion and sale of the Accused Product.

30. Oneida deliberately adopted an appearance similar to that of the CHAMBORD® Trade Dress for its competing Accused Product seeking to profit upon the hard-earned goodwill of Bodum, and it has deliberately attempted to ride Bodum's coattails to capitalize on the Bodum CHAMBORD® Trade Dress. Accordingly, defendant's infringement is willful and this action is an "exceptional case."

31. Confusion will be likely to result from Oneida's conduct unless enjoined by this Court.

32. Bodum has been and will continue to be seriously and irreparably injured unless Oneida's conduct is enjoined by this Court.

## COUNT I

## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125

33. As a complete and first ground for relief, Bodum hereby charges Oneida with false representation and/or false designation of origin under 15 U.S.C. § 1125(a) and realleges and incorporates herein by this reference paragraphs 1 through 32 of this Complaint.

34. Oneida intentionally has adopted and is using in commerce in connection with the advertising, promotion and sale of the Accused Product, an overall appearance that is intended by Oneida to be substantially similar to, and a colorable imitation of, the distinctive Bodum CHAMBORD® Trade Dress.

35. Oneida's unlawful adoption and use, in commerce, of such a colorable imitation of the Bodum CHAMBORD® Trade Dress without the authorization of Bodum are likely to cause confusion, mistake and/or deceive consumers as to the affiliation, connection or association of Oneida with Bodum or as to the origin, sponsorship or approval of Oneida's goods with Bodum's.

36. Through the promotion, advertising and sale of such a confusingly similar coffeemaker, Oneida has unlawfully simulated, appropriated and infringed Bodum's rights and its proprietary trade dress. Such conduct and appropriation constitute a false description or

representation of Bodum's products or a false designation of origin, in violation of 15 U.S.C. § 1125(a).

37. Oneida's conduct and its false representations of genuineness have injured and will injure Bodum by diverting Bodum's goodwill and sales to Oneida, and by diminishing and destroying Bodum's goodwill and reputation. Bodum seeks damages in such sum as may be proved at the time of trial in a sum equal to that received by Oneida and those sums lost by Bodum as a result of such conduct and actions, in an amount not less than $75,000.

## COUNT II

## COMMON LAW UNFAIR COMPETITION

38. As a complete and second ground for relief, Bodum hereby charges Oneida with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 32 of this Complaint.

39. Bodum alleges that Oneida, by careful and considered planning, has promoted the Accused Product to consumers through the use of the Bodum CHAMBORD® Trade Dress so as to confuse and deceive consumers and obtain the acceptance of their goods based on the merit, reputation and goodwill of Bodum and its high-quality products and services.

40. Oneida's actions constitute oppression, fraud and malice in that they have intentionally engaged in activities designed to confuse the public and to divert sales to Oneida that would have otherwise been enjoyed by Bodum.

41. Bodum further alleges that Oneida has misappropriated and unlawfully exploited the valuable property rights and goodwill of Bodum and Bodum's CHAMBORD® Trade Dress

through Oneida's use of a confusingly similar trade dress. As a result of such misappropriation, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of Bodum's CHAMBORD® Trade Dress, and Oneida will be unjustly enriched thereby. Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

## COUNT III

### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

42. As a complete and third ground for relief, Bodum hereby charges Oneida with violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq.*, and realleges and incorporates herein by this reference paragraphs 1 through 32 of this Complaint.

43. Bodum alleges that Oneida intentionally, willfully and unlawfully simulated and appropriated Bodum's rights and the Bodum CHAMBORD® Trade Dress by advertising, promoting, offering to sell and selling the Accused Product.

44. Bodum further alleges that Oneida's intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the proper origin of the Accused Product, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

45. Oneida's actions constitute oppression, fraud and malice in that it has intentionally engaged in activities designed to confuse the public and to divert sales to Oneida that would have otherwise been enjoyed by Bodum.

46. As a result of Oneida's actions and misappropriation of Bodum's rights, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the Bodum CHAMBORD® Trade Dress, and Oneida will be unjustly enriched thereby in such sum as may be proved at the time of trial, in an amount not less than $75,000.

WHEREFORE, Bodum requests that this Court enter judgment that Oneida:

A. infringed Bodum USA, Inc.'s rights in the Bodum CHAMBORD® Trade Dress and competed unfairly with Bodum USA, Inc. by use of a trade dress confusingly similar to the Bodum CHAMBORD® Trade Dress in the use, promotion and sale of the Accused Product;

B. unfairly competed with Bodum USA, Inc. and has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*;

C. be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

    1. advertising, marketing, offering for sale or selling the Accused Product and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade dress confusingly similar thereto,

    2. advertising, marketing, offering for sale or selling the Accused Product and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade packaging confusingly similar thereto,

    3. unfairly competing with Bodum USA, Inc. and

    4. causing a likelihood of confusion or misunderstanding as to source,

sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Bodum USA, Inc., or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum USA, Inc.;

D. be directed to deliver to this Court for destruction, pursuant to 15 U.S.C. § 1118, coffeemakers in its possession bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress or any reproduction, counterfeit, copy or colorable imitation thereof, and be required to recall all products or packaging bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress from Oneida's customers and refund any monies paid for such products to its customers;

E. account and pay to Bodum USA, Inc. all profits received from the sale of products bearing a trade dress that is identical or confusingly similar to the Bodum CHAMBORD® Trade Dress;

F. pay to Bodum USA, Inc. its actual damages on account of Oneida's infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the Bodum CHAMBORD® Trade Dress to Oneida, and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled;

G. award Bodum USA, Inc.'s reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS 510/1, *et seq.*; and

H. award such other and further relief in favor of Bodum as this Court deems proper and just.

**DEMAND FOR JURY TRIAL**

Bodum USA, Inc. demands trial by jury.

Respectfully submitted,

BODUM USA, INC.

By: *s/ Nicole J. Wing*
      One of Its Attorneys

Nicole J. Wing, Bar No. 6291632
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: June 29, 2021